Daniel R. Watkins
Nevada State Bar No. 11881
dw@wl-llp.com
Theresa M. Santos, Esq.
Nevada State Bar No. 9448
tsantos@wl-llp.com
WATKINS & LETOFSKY, LLP
8935 S. Pecos Rd., Suite 22A
Henderson, NV 89074
Office: (702) 901-7553; Fax: (702) 974-1297

Attorneys for Plaintiff, Enrique Gomez

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ENRIQUE GOMEZ,<br><br>          Plaintiff,<br><br>vs.<br><br>UNITED FACTORY FURNITURE CORP a Foreign corporation, DOES 1-50,<br><br>          Defendants. | Case No.: 2:21-cv-01058<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(DEMAND FOR JURY TRIAL)** |

COMES NOW, Plaintiff, Enrique Gomez (herein "Plaintiff") and files this civil action against Defendants, and each of them, for violations of

## JURISDICTION AND VENUE

1.     This Court has jurisdiction and venue over this action pursuant to The Americans with Disabilities Act, 42 U.S.C. §12101 et seq., The Age Discrimination in Employment Act, 29 U.S.C. 621 et seq., and 28 U.S.C. § 1331, which confer original jurisdiction on federal district courts in suits to address the deprivation of rights, privileges and immunities secured by the United States Constitution and federal law.

2.     Jurisdiction of this Court is also appropriate under any related claims under Nevada law.

///

3.     Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

4.     Plaintiff has exhausted his administrative remedies.

5.     All conditions precedent to jurisdiction under sections 42 U.S.C. §12101 et seq. and 29 U.S.C. §621 et seq. have occurred or been complied with:

      a.     A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein and / or within 300 days of Plaintiff instituting proceedings with a State or local agency with authority to grant or seek relief from such unlawful employment practices alleged herein;

      b.     A Notice of Right to Sue in Federal Court was received from the U.S. Equal Employment Opportunity Commission, March 15, 2021. (A true and correct copy of said letter is attached and incorporated herein as Exhibit "1").

6.     This complaint is filed within 90 days of receipt of the U.S. Equal Employment Opportunity Commission Notification of Right to Sue.

7.     Venue is proper in the District of Nevada because the unlawful employment practices alleged herein were committed in whole or in part in the District of Nevada pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

**PLAINTIFF**

8.     Plaintiff, Enrique Gomez, (hereinafter "Plaintiff" or "Mr. Gomez") was a qualified/eligible "employee" of Defendant, United Factory Furniture Corp., within the meaning of the Americans with Disabilities Act, 42 U.S.C. 12112 et seq., the Age Discrimination in Employment Act, 29 U.S.C. 621 et seq., and Nevada Revised Statutes §§ 608.010 and 613.010 et seq., and related claims under Nevada law.

//

//

**DEFENDANT**

9.      Defendant, United Factory Furniture Corporation (hereinafter "Defendant") is a foreign corporation qualified to do business in Nevada.  Defendant employs 15 or more employees and is an "employer" within the meaning of 42 U.S.C. §12111. Defendant has a furniture store located at 301 S. Martin Luther King Blvd., Las Vegas, NV 89106.

10.     The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 50, inclusive are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner.  Plaintiff will seek leave to amend this Complaint when the true names, capacities, participation, and responsibilities have been ascertained.

11.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, the Defendant named in this action, as well as the fictitiously named defendants, and each of them, were agents and employees of the remaining defendants, and in so doing the things hereinafter complained of, were acting within the course and scope of such agency and/or employment and with the knowledge and consent of the remaining defendants.

**STATEMENT OF FACTS**

12.     Plaintiff is a 71-year-old man who began working for Defendant in 2011 as a sales associate in Defendant's Cheyenne Avenue (hereinafter "Cheyenne") location.

13.     In approximately 2015, Defendant transferred to the Martin Luther King Boulevard (hereinafter "MLK") location.

14.     Following his transfer to the MLK location, Plaintiff's physician instructed him to avoid extreme temperature environments.

15.     Plaintiff worked at the MLK location uneventfully until March 19, 2020, when he was furloughed due to the Covid-19 pandemic.

16.     On or about May 8, 2020, Plaintiff's manager, Dennis Dieter, invited Plaintiff to return to work, but instructed him to return to the Cheyenne location.

17.     Plaintiff reminded Mr. Dieter that his medical condition prevented him from working at the Cheyenne location, which was not air conditioned.

18.     Mr. Dieter was indifferent to Plaintiff's condition and told him that if he did not return to the Cheyenne location, he would be fired.

19.     Defendant discharged Plaintiff on or about May 12, 2020.

## COUNT I

## INTERFERENCE AND DISCRIMINATION WITH AMERICANS WITH DISABILITIES ACT

**Americans with Disabilities Act (42 U.S.C. §12101 et seq.)**
**NV Rev. Stat. §613.330 *et seq*.**
**(Against All Defendants)**

20.     Plaintiff hereby incorporates paragraphs 1 through 19 of this Complaint as though fully set forth herein.

21.     At all times material hereto, Plaintiff was an employee covered by and within the meaning of Title I of the Americans with Disabilities Act of 1990 (ADA) 42 USC 12111(4)).

22.     At all times material hereto, Plaintiff was and is an individual with a disability within the meaning of §3(2) of the ADA, 42 USC 12102(1).

23.     Plaintiff is a qualified individual with a disability as that term is defined in the ADA, 42 USC 12111(8).

24.     Plaintiff's susceptibility to extreme temperature environments is a physical impairment that substantially limited one or more major life activities.

25.     Defendant was aware of Plaintiff's inability to work in high temperatures.

26.     Plaintiff's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendant's decision to terminate him.

27.     The actions of Defendant were intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

28.     As a direct and proximate result of Defendant's violation of Plaintiff's rights as alleged, Plaintiff's terms, conditions, and privileges of employment were adversely affected.

29.     As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of her choice.

30.     Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT II

## DISABILITY DISCRIMINATION – FAILURE TO ACCOMMODATE

**Americans with Disabilities Act (42 U.S.C. §12101 et seq.)**
**NV Rev. Stat. §613.330 *et seq.***
**(Against All Defendants)**

31.     Plaintiff hereby incorporates paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32.     At all times material hereto, Plaintiff was an employee covered by and within the meaning of Title I of the Americans with Disabilities Act of 1990 (ADA) 42 USC 12111(4)).

33.     At all times material hereto, Plaintiff was and is an individual with a disability within the meaning of §3(2) of the ADA, 42 USC 12102(1).

34.     Plaintiff is a qualified individual with a disability as that term is defined in the ADA, 42 USC 12111(8), meaning an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.  At all times during his employment, Plaintiff satisfied the requisite skill, experience, education, and other job-related requirements of the employment position and could perform the essential functions of the position, with or without reasonable accommodations.

35.     Plaintiff's susceptibility to extreme temperature environments is a physical impairment that substantially limited one or more major life activities.

36.     Due to his actual disability under the ADA, Plaintiff required a reasonable accommodation that would allow him to meet these necessities.  Such reasonable accommodations were available, Plaintiff worked in an accommodated position for years,  and continuing to allow

Plaintiff his accommodation would not have constituted an undue hardship on the operation of Defendant's business.

37.     Defendant was aware of Plaintiff's inability to work in high temperatures.

38.     Defendant did not engage in the interactive process.

39.     Defendant engaged in a practice of discriminating against Plaintiff as a result of Plaintiff's disability.  Defendant's unlawful discrimination against Plaintiff included refusing to allow him to continue in his position as a sales agent at Defendant's MLK location.

40.     Defendant through its agents or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts and failures to act of Defendant as described above, thereby ratifying the unlawful conduct of its agents or supervisors.  Defendant's actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's federally protected rights.

41.     Plaintiff requests relief as described in the Prayer for Relief below.

## **COUNT III**

### **DISABILITY DISCRIMINATION – RETALIATION**
**Americans with Disabilities Act (42 U.S.C. §12101 et seq.)**
**NV Rev. Stat. §613.330** *et seq.*

42.     Plaintiff hereby incorporates paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43.     Plaintiff engaged in an activity protected under federal and state laws, including requesting an accommodation for a disability.  In return, Defendant retaliated against Plaintiff by discharging him from employment.

44.      Plaintiff's disability was a motivating factor for Defendant's decision to terminate his employment.

45.     Plaintiff was subjected to the adverse employment action described herein because he requested a reasonable accommodation.  Defendant reacted by depriving him of his rights and benefits under the Americans with Disabilities Act (42 U.S.C. §12101 et seq.) by discharging him.

46.    Plaintiff was subjected to the adverse employment action described herein because of his participation in the protected activity and the adverse employment action would not have occurred but for that participation.

47.    As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination and retaliation against Plaintiff, Plaintiff has suffered and will continue to suffer pain, humiliation, and emotional distress.

48.    Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

49.    Defendant intentionally, voluntarily, deliberately, and willfully discriminated against Plaintiff by depriving of or interfering with Plaintiff's rights and benefits under the American with Disabilities Act (42 U.S.C. §12101 et. seq.).

50.    Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's federally protected rights.

51.    Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT IV

### AGE DISCRIMINATION
**Age Discrimination in Employment Act – 29 U.S.C. §621 *et seq.***
**NRS 613.330 *et seq.***

52.    Plaintiff hereby incorporates paragraphs 1 through 51 of this Complaint as though fully set forth herein.

53.    At all times relevant hereto, Plaintiff was over the age of 40.

54.    The subjection of Plaintiff to disparate treatment and adverse employment actions by Defendant in whole or substantial part because of his age was in violation of the ADEA, 29 U.S.C. §623 and NRS 613.330 et. seq.

55.    Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's state and federally protected rights.

//

56.     Defendant, through its agents or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendant as described above and thereby ratified the unlawful conduct of its agents or supervisors.

57.     Plaintiff's age was the sole reason or a motivating factor for his discharge.

58.     As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.  As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

59.     Plaintiff requests relief as described in the Prayer.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1.     Grant economic loss including front and back pay, plus interest.

2.     Grant general and special damages in amounts according to proof.

3.     Grant liquidated damages in amounts according to proof.

4.     Grant punitive damages.

5.     Reasonable attorneys' fees pursuant to statute

6.     Grant costs of suit incurred herein; and

7.     Grant such other and further relief as the court deems just and proper.

DATED this 4th day of June, 2021          WATKINS & LETOFSKY, LLP

*/s/ Daniel R. Watkins*

By:     _____
        Daniel R. Watkins, Esq.
        Theresa M. Santos, Esq.
        8935 S. Pecos Rd., Suite 22A
        Henderson, NV 89074
        Attorneys for Plaintiff, Enrique Gomez

1

## **REQUEST FOR JURY TRIAL**

2          Pursuant to Federal Rules of Civil Procedure 38(b) and 42 U.S.C. §1981a, Plaintiff

3    demands a trial by jury in this action on all issues so triable.

4

5          DATED this 4th day of June, 2021          WATKINS & LETOFSKY, LLP

6
                                                     */s/ Daniel R. Watkins*
7                                          By:    _____

8                                                    Daniel R. Watkins, Esq.
                                                     Theresa M. Santos, Esq.
9                                                    8935 S. Pecos Rd., Suite 22A
                                                     Henderson, NV 89074
10                                                   Attorneys for Plaintiff, Enrique Gomez

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

**<u>NOTICE OF RIGHT TO SUE</u>**
**DATED MARCH 15, 2021**

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Enrique Gomez**

From: **Los Angeles District Office**
**255 E. Temple St. 4th Floor**
**Los Angeles, CA 90012**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **34B-2020-01072** | **Karrie L. Maeda,**<br>**State, Local & Tribal Program Manager** | **(213) 785-3002** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Rosa M. Viramontes,**
**District Director**

March 15, 2021
*(Date Issued)*

Enclosures(s)

cc: **Human Resources**
**Human Resources Director**
**UNITED FACTORY FURNITURE**
**301 S. Martin Luther King Blvd.**
**Las Vegas, NV 89106**